### Calvin H. Frew v. John Richardson.

1. PLEADING—*A Familiar Rule.*—It is a familiar rule of pleading that a bad replication is good enough for a bad plea, and a demurrer to it should be carried back and sustained to the plea.

2. SAME—*General Rule of Construction.*—A pleading should always be construed most strongly against the party pleading it.

3. SAME—*Unnecessary Prolixity in Pleading Not to be Encouraged.*—To file a special replication to a plea, the abstract of the record of which occupies seven printed pages, where a general replication would have been sufficient, is an incumbrance to the files and records of the court and is a practice not to be commended.

Assumpsit, for attorney services. Appeal from the Circuit Court of Ford County; the Hon. JOHN H. MOFFETT, Judge, presiding. Heard in this court at the May term, 1901. Reversed and remanded. Opinion filed September 11, 1901.

KERR & LINDLEY, attorneys for appellant; M. H. CLOUD, of counsel.

MCQUISTON & FREDERICK, attorneys for appellee; C. H. PAYSON, of counsel.

MR. JUSTICE WRIGHT delivered the opinion of the court.

This suit was by the appellant in assumpsit against the appellee to recover for services as an attorney rendered to the appellee in the collection of a claim due from Miller to Rasmus. Defendant pleaded to the declaration specially, in substance, that Miller and Rasmus had been adjudged bankrupts, and that appellant was their attorney and also the attorney for the assignee in his relation to the estate of the bankrupts; that the interests of appellee and the bankrupts were antagonistic, and that the plaintiff had been allowed, out of the assets of the bankrupts, compensation for his services as solicitor to the assignee, and the same was paid to and accepted by him, and therefore, the plea concludes, the plaintiff can not recover for presenting said claim against the bankrupt estate, and collect and receive compensation from each of the parties representing hostile interests. To this plea a special replication was filed, which occupies seven printed pages of the abstract, containing a history of the case and the proceedings in bankruptcy, to which the court sustained a demurrer, and the plaintiff abiding by the replication, final judgment was given by the court in bar of the action, to reverse which this appeal is prosecuted. A general replication to the plea would, we think, have been sufficient and effective. The special replication was unnecessary and an incumbrance to the files and record, but as bad as it was, it was as good as the plea. It is a familiar rule of pleading that a bad replication or plea is good enough for a bad plea or declaration. The plea states no facts by which it can be seen that the interests of the bankrupts and their assignee on the one side, and that of appellee on the other, were in conflict, or are in antagonism. In this respect the plea contains only the opinion or conclusion of the pleader. The plea imputes no improper motive nor does it appear that appellee was not fully cognizant of the fact of plaintiff having been the attorney for the other parties when he was employed by appellee, nor does it appear that he was defrauded in any respect, or prejudiced, or failed to receive his just dues from the bankrupt estate, in consequence of

such dual relation of his attorney. From all that is stated in the plea it does not follow that faithful services to appellee conflicted with the like services to the bankrupts and the assignee. The bankrupts, the assignee and other creditors of the bankrupts—all the interested persons—may have admitted the justness of appellee's claim, it not being reasonable to infer differently in the absence of averment to the contrary. The fund in the hands of the assignee, primarily, was to pay the debts of the bankrupts, and if appellee's claim was just, and he is now estopped from claiming it was not, there could be no conflict of interest among any of the persons interested. In truth, unless there was dispute or contest concerning appellee's claim, and it does not appear any such existed, or unless appellee contested that of other claimants, which also does not appear, his claim was in amity with all other interested parties and there would therefore be no just reason why appellant could not represent all the parties together as their attorney. None of the numerous authorities cited by counsel have any application to a case like this. It is not unusual for counsel to represent all the parties to a suit whose interests are mutual and amicable. The most familiar illustration of this kind of proceeding sanctioned by the law are partition suits. We can see little difference in principle between that kind of suits, and the one described herein. If the interests of the parties conflict, or become hostile, the case would of course be different; but here, as we have already said, that condition has not been made to appear; for by applying the familiar rule of pleading to the plea herein, that it should be most strongly construed against the pleader, for the want of sufficient averments to the contrary, it will be presumed there was no conflict of interest.

The demurrer should have been carried back and sustained to the plea, and for the error in sustaining the demurrer to the replication and in rendering judgment, the latter will be reversed and the cause remanded for further proceedings not inconsistent with the views herein expressed. Reversed and remanded.